IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JOHNSON, | No C 06-6414 VRW |
|     Plaintiff, | |
|         v | ORDER |
| PATRICK CONNOLLY, | |
|     Defendant. | |

        Plaintiff alleges that defendant infringes his trademark rights under the Lanham Act, 15 USC § 1114, and violates the Anti-cybersquatting Consumer Protection Act (ACPA), 15 USC § 1125(d). Doc #1. Plaintiff now moves for default judgment, seeking statutory damages, injunctive relief and attorney fees. Doc ##18, 19. For the reasons that follow, the court GRANTS plaintiff's motion for default judgment, GRANTS injunctive relief, DENIES statutory damages and GRANTS an award of attorney fees and expenses.

//

//

Plaintiff asserts that he created Cowboy's Fuzzy Duds, a line of clothing made entirely of patterned and solid fleece cloth. Doc #1, ¶ 1. After creating a prototype, Doc #22, ¶ 2, plaintiff registered "Cowboy's Fuzzy Duds" as a business name with the Contra Costa County clerk's office on March 20, 2002. Doc #22, Ex B. Plaintiff then registered the domain name www.cowboysfuzzyduds.com with Network Solutions on October 14, 2002. Doc #22, ¶ 9. Two months later, plaintiff filed an application for federal trademark registration for "Cowboy's Fuzzy Duds," which was granted on August 23, 2005. Doc #22, ¶ 10; id, Ex C. Plaintiff's clothing line displays this trademark in the lower right hand corner of the clothing. Doc #1, ¶ 1.

Defendant, who met plaintiff during the development of plaintiff's product, Doc #22, ¶ 11, registered the domain name www.fuzzyduds.com on June 29, 2003, id, Ex F, and allegedly began producing nearly identical patterned fleece clothing bearing the mark "Fuzzy Duds." Doc #1, ¶ 1. Plaintiff's prior counsel sent defendant two cease-and-desist letters in early 2004, Doc #22, Ex G-H, but plaintiff received no reply from defendant, Doc #22, ¶¶ 15-16. On September 17, 2006, defendant allegedly contacted plaintiff and demanded $20,000.00 in exchange for transfer of defendant's domain name. Doc #1, ¶ 24.

Plaintiff asserts that defendant infringes his trademark rights by selling identical clothing via the domain name www.fuzzyduds.com. Doc #1. Although served with summons and complaint on November 11, 2005, see Doc #13, defendant never filed an answer or responsive pleading. Upon plaintiff's motion, the

clerk entered default on December 28, 2006, in accordance with FRCP 55(a).  Doc #16.

Subsequently, plaintiff moved for default judgment on February 8, 2007, requesting that defendant pay $50,000.00 in statutory damages pursuant to the Lanham Act, 15 USC § 1114, and that defendant transfer ownership of the domain name [www.fuzzyduds.com](www.fuzzyduds.com) pursuant to the Federal Anti-cybersquatting Privacy Act, 15 USC § 1125(d).  Doc #18.  Plaintiff also seeks to recover attorney fees and costs.  Id.

**I**

**A**

The court first addresses plaintiff's motion for default judgment.  "Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices."  <u>Televideo Systems, Inc v Heidenthal</u>, 826 F2d 915, 917 (9th Cir 1987) (citing <u>Roadway Express, Inc v Piper</u>, 447 US 752, 764 (1980); <u>Link v Wabash RR</u>, 370 US 626, 632 (1962); <u>United States v Moss-American, Inc</u>, 78 FRD 214, 216 (ED Wis 1978)).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  <u>Televideo Systems</u>, 826 F2d at 917-18 (quoting <u>Geddes v United Financial Group</u>, 559 F2d 557, 560 (9th Cir 1977)).  "Upon entry of default judgment, facts alleged to establish liability are binding upon the defaulting party, and those matters may not be relitigated on appeal."  <u>Danning v Lavine</u>, 572 F2d 1386, 1388 (9th Cir 1978)(citations omitted).  Following

default judgment, a defendant is deemed to have admitted the well-pleaded allegations in the complaint. <u>Benny v Pipes</u>, 799 F2d 489, 495 (9th Cir 1986), amended, 807 F2d 1514 (9th Cir 1987) (citing <u>Thomson v Wooster</u>, 114 US 104, 114 (1884); <u>In re Visioneering Construction</u>, 661 F2d 119, 124 (9th Cir 1981)).

Defendant responded to neither plaintiff's complaint, the clerk's entry of default nor plaintiff's motion for default judgment. By refusing to defend this suit, defendant leaves no other remedy to plaintiff than default judgment. Plaintiff's motion for default judgment is therefore GRANTED and the court takes the well-pleaded allegations in plaintiff's complaint as true and binding upon defendant. <u>Danning</u>, 572 F2d at 1388; <u>Geddes</u>, 559 F2d at 560.

B

Liability for infringement of a registered trademark is created by § 32 of the Lanham Act, which forbids a person from using a mark in commerce that is confusingly similar to a registered trademark. 15 USC § 1114(1)(a). Plaintiff alleges that defendant knowingly sells and distributes infringing clothing and uses the Cowboy's Fuzzy Duds mark to advertise these goods in a manner that is likely to cause consumer confusion. Doc #1, ¶¶ 25-30. Accordingly, the factual allegations of plaintiff's complaint, admitted by defendant through default, establish that defendant violated the plaintiff's rights under § 1114(a) of the Lanham Act.

To remedy trademark infringement under § 1114, the Lanham Act authorizes a plaintiff to recover defendant's profits; this award may be trebled if the defendant's conduct qualifies as

4

willful. 15 USC § 1117(a)-(b). Alternatively, § 1117(c) permits a plaintiff to elect statutory damages in cases involving the use of counterfeit marks in connection with the sale of goods. 15 USC § 1117(c).

Plaintiff elects to recover statutory damages but misapprehends the statutory prerequisites. The Lanham Act does not provide statutory damages to all victims of infringement, only those whose goods have been counterfeited. To be eligible for the special civil monetary remedies against counterfeiting, the defendant's non-genuine mark must be "identical with or substantially indistinguishable from" the plaintiff's registered mark. 15 USC § 1116(d)(1)(B). The Lanham Act distinguishes between counterfeiting and mere "colorable imitation," which occurs when a mark so resembles a registered mark "as to be likely to cause confusion or mistake or to deceive." 15 USC § 1127. Apart from omitting the word "Cowboy's," defendant's mark also uses block font, as opposed to plaintiff's jagged font. See Doc #22, Ex A & E. Hence, although defendant's mark amounts to "colorable imitation," as plaintiff alleges, it is not a counterfeit of plaintiff's mark. Accordingly, the court DENIES plaintiff's request for statutory damages.

C

Plaintiff also claims that defendant's website, www.fuzzyduds.com, violates the Anti-cybersquatting Consumer Protection Act (ACPA), 15 USC § 1125(d), which aims to prevent the use of domain names that are confusingly similar to registered trademarks. See Sporty's Farm v Sportsman's Market, 202 F3d 489

(2d Cir 2000). Section 1125(d) provides that "[a] person shall be liable in a civil action by the owner of a mark * * * if * * * that person has a bad faith intent to profit from that mark [and] * * * registers, traffics in, or uses a domain name that * * * in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark." 15 USC 1125(d)(1)(A)(i)(I).

The court agrees with plaintiff that the term "Fuzzy Duds," as used in connection with plaintiff's clothing line, is inherently distinctive — a finding that accords with the Lanham Act's statutory presumption for registered marks. See 15 USC § 1115(a). The well-pleaded allegations in plaintiff's complaint that defendant has admitted by default satisfy the remaining requirements under the ACPA. Namely, defendant registered and used the name www.fuzzyduds.com in bad faith with the intent to trade upon the goodwill of plaintiff's mark and in a manner that is likely to cause consumer confusion. Doc #1, ¶¶ 34-41. Accordingly, the factual allegations of plaintiff's complaint establish that defendant violated the plaintiff's rights under § 1125 of the ACPA.

Upon a finding of liability, the ACPA provides that "a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." See 15 USC § 1125(d)(1)(c). Pursuant to the ACPA, the court finds that plaintiff is entitled to the transfer of defendant's domain name.

//
//
//

6

D

Finally, the court takes up plaintiff's request for attorney fees. Section 1117(a) gives the court discretion to award reasonable attorney fees in "exceptional cases." 15 USC § 1117(a). The term "exceptional" is generally accepted to mean cases in which trademark infringement is "deliberate and willful." See <u>Lindy Pen Co v Bic Pen Corp</u>, 982 F2d 1400, 1409 (9th Cir 1993). Yet a case may also be deemed "exceptional" – and merit an award of attorney fees under the Lanham Act – when a defendant disregards the proceedings and does not appear. <u>Taylor Made Golf Co, Inc v Carsten Sports Ltd</u>, 175 FRD 658, 663 (SD Cal 1997). The court finds this case exceptional due to the nature of defendant's infringement and his unwillingness to appear in this case.

Plaintiff's counsel Eric J Farber submits in his declaration that he worked 24.57 hours on this case, bills $350 per hour for intellectual property litigation, has over 13 years of trademark litigation experience and practices in San Francisco. Doc #27 (Farber decl ¶¶ 4-6). Farber's paralegal, James Ball, spent 7.1 hours on this case at a billing rate of $85 per hour. Doc #27.

The court first evaluates whether the number of hours expended by counsel are appropriate to the requirements of the particular case. Plaintiff's counsel gathered investigative information, prepared documents and pleadings and moved for default judgment. Doc #27. Counsel expended a total of 24.57 hours accomplishing these tasks, which the court finds reasonable. Plaintiff's counsel's work product was at least of the quality of a reasonably skilled attorney, and the number of hours expended are

7

reasonable in light of the fairly simple – but not utterly trivial – nature of the papers that plaintiff needed to file.

The court further finds the claimed rates of $350/hour for Farber and $85/hour for Ball reasonable, as they comport with rates the court has found reasonable in similar circumstances. See, e g, Chanel v Brandon Doan, 2007 US Dist LEXIS 22691 *17-*19 (ND Cal 2007) (finding that a billing rate of 350/hour for counsel with ten years of experience was less than the amount provided under the Laffey matrix). Accordingly, the court awards attorney fees in the amount of $9,220.50.

Finally, plaintiff requests recovery of court costs in the amount of $765. The plaintiff's application for default judgment includes a breakdown of these costs, Doc #27 ¶ 23, which the court finds reasonable. Accordingly, the court awards plaintiff his costs in the amount of $765.

II

For the foregoing reasons, the court GRANTS plaintiff's motion for default judgment and, pursuant to the ACPA, the court ORDERS defendant to transfer the domain name www.fuzzyduds.com to the plaintiff. Additionally, defendant is ORDERED to pay plaintiff his attorney fees and costs in the amount of $9985.50. The clerk is DIRECTED to enter judgment for plaintiff, close the file and terminate all motions.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Judge